Ernest Eugene SPICKES and Frances SPICKES
*v.* MEDTRONIC, INC. et al

82-10                                    631 S.W. 2d 5

Supreme Court of Arkansas
Opinion delivered April 5, 1982

*John Wesley Hall, Jr.,* for appellants.

*Wright, Lindsey & Jennings,* for appellees.

GEORGE ROSE SMITH, Justice. This products liability case is within our jurisdiction under Rule 29 (1) (m). In 1975 a cardiac pacemaker, manufactured by the appellee Medtronic, was inserted in the body of the principal plaintiff, Ernest Eugene Spickes. In 1977 the device proved to be defective, causing Spickes's heartbeat to acclerate. On October 5, 1977, the device was surgically removed and a substitute pacemaker, also made by Medtronic, was inserted in its place. There is no complaint about the performance of the replacement.

On October 28, 1980, more than three years after the

surgery, Spickes and his wife brought this action for personal injuries, loss of consortium, and punitive damages resulting from the defective pacemaker. The defendants, Medtronic and the hospital through which the device was sold, pleaded the three-year statute of limitations, Ark. Stat. Ann. § 34-2803 (Supp. 1981), and moved for summary judgment, with supporting affidavits. The trial judge granted the motion. The appellants' principal assignment of error is that there is a genuine issue of fact as to whether Medtronic is estopped to plead limitations.

The plea of estoppel is based on correspondence and telephone conversations between Spickes's original attorney, David H. Williams, and Medtronic's attorney, Reed A. Duthler, who practiced in Minnesota. The motion for summary judgment was supported by Duthler's affidavit, to which were attached copies of all the correspondence. The statute of limitations was never mentioned in the letters. Duthler stated in his affidavit that the statute was not referred to in the telephone conversations until after the time had run. He said he first mentioned the three-year statute in a conversation on October 24, but Williams insisted that the period was five years. In a few minutes Williams called back and admitted that the three-year period was correct, but said he did not think the plea would be successful. This suit was filed four days later.

In response to the plea of limitations the plaintiffs filed an amended complaint asserting that Duthler had stated that there was no question about liability, that the only issue was the amount of money that would adequately compensate Spickes for his damages, and that there was no necessity for Spickes to bring a lawsuit. Duthler's affidavit also denied those assertions. He stated that the possibility of a settlement was discussed, but he did not admit or deny liability, did not promise a settlement, and did not request that a lawsuit be delayed or forgone. On the issue of estoppel no affidavits were filed on behalf of the plaintiffs in response to the motion for summary judgment.

On the basis of Duthler's undisputed statements under oath, the trial court was right in entering the summary

judgment. It is now argued that Duthler's assertions were denied in the pleadings and were to some extent questioned by counsel at the hearing on the motion for summary judgment. We have repeatedly held, however, that when a party makes a prima facie showing in support of a motion for summary judgment, the opposing party must discard the shield of formal allegations and meet proof with proof to show a genuine issue of fact. *Hughes Western World* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W. 2d 826 (1980), citing earlier cases. Here the movants' proof is uncontradicted by affidavit.

A second point for reversal is that the trial court should have held that Spickes's cause of action really arose on March 20, 1980, when he learned that back in 1977 Medtronic had sent a letter to physicians cautioning them about a different defect in the pacemaker, one that would cause the device to stop functioning (which did not happen in this instance). In response to the motion for summary judgment Spickes alleged, with a supporting affidavit, that he had suffered mental anguish in March 1980 upon discovering that he had not been notified about the earlier defect, causing him to fear that he might also not be notified if the replacement should prove defective.

This contention is meritless. Medtronic committed no tortious act in 1980; Spickes simply found out more about what had been done three years earlier. The statute of limitations begins to run when the negligent damage occurs, not from the time the full extent of the injury is ascertained. *Field* v. *Gazette Publishing Co.*, 187 Ark. 253, 59 S.W. 2d 19 (1933). Moreover, for the reasons given in *Lisenby* v. *Farm Bureau Mut. Ins. Co.*, 245 Ark. 144, 431 S.W. 2d 484 (1968), a single cause of action cannot be split. Spickes knew in 1977 that the first pacemaker was faulty; he cannot manufacture a second cause of action on the basis of additional information he learned three years later.

Third, it is argued that the trial court was wrong in refusing to permit Spickes to testify, at the summary judgment hearing, about the exact date on which he suffered mental anguish upon learning in 1980 that Medtronic had

sent out the cautionary letter to physicians in 1977. It is argued that our holding in *Sikes* v. *Segers,* 263 Ark. 164, 563 S.W. 2d 441 (1978), to the effect that oral testimony is not permitted with respect to a motion for summary judgment, has been changed by ARCP, Rule 43 (c), which allows a court to hear oral testimony with respect to motions. Our ruling on the second point for reversal makes this question academic, for the exact date on which Spickes learned the full extent of his injury from the original wrong is immaterial.

Affirmed.