350

Emma RICHERSON *v.* Roy BEARDEN et al

82-178                                    645 S.W.2d 946

Supreme Court of Arkansas
Opinion delivered February 7, 1983

*James F. Lane,* for appellant.

*Henry & Walden; Frierson, Walker, Snellgrove & Laser;*
and *Armstrong, Allen, Braden, Goodman, McBride &
Prewitt,* for appellees.

ROBERT H. DUDLEY, Justice. Appellant, a taxpayer,
filed a complaint seeking a declaratory judgment. She
pleaded that appellees had entered into a contract involving
the sale of county property which constituted an illegal
exaction in violation of Article 16, § 13 of the Constitution of
Arkansas (1874). In response, appellees filed a motion for
summary judgment which was accompanied by supporting
affidavits. No counter-affidavits or other controverting
evidence was offered by appellant. The trial court found that
no genuine issue existed as to any fact, that appellees by their
affidavits had made a prima facie showing that no illegal
exaction had taken place and that a summary judgment
should be granted. We affirm. Jurisdiction is in this Court
because the constitutionality of a county ordinance is
involved. Rule 29 (1), (a) and (c).

From the affidavits and attached exhibits the following evidence is established. Prior to 1976 the citizens of Craighead County voted to finance and construct a county hospital. General obligation and revenue bonds were issued and the construction of buildings was completed in January, 1976. The county judge appointed a seven member Board of Governors who operated the 98 bed hospital until January, 1978. At that time the Board of Governors leased the hospital buildings for ten years to appellee Craighead Hospital Association, Inc., a private nonprofit corporation. The nonprofit corporation borrowed a substantial amount of money, purchased equipment, entered into contracts with physicians and other medical staff personnel, established employee benefit programs including a pension plan, obtained accreditation and is seeking a certificate of need for governmental approval of 62 additional beds. The ten year lease will not expire until 1988.

In 1981, the quorum court voted to sell the hospital buildings. The hospital was leased until 1988 so the quorum court chose to request bids, not just on the lessor's interest in the buildings but on the complete going business. Obviously, such a procedure required the agreement of the lessee.

On November 20, 1981, the county issued a 15-page request for bids which among many other things, required an offeror to do the following:

Retain employees for at least six months.

Retain employee benefit programs for at least 5 years.

Retain existing contracts with physicians and surgeons.

Retain emergency room service, intensive care services and other named specialty fields.

Accept for payment Medicare, Medicaid and other governmental supported programs and provide limited uncompensated care for indigents.

Continue to seek governmental approval for 62 additional beds.

Maintain accreditation.

Assume all of the indebtedness of the nonprofit corporation.

Five offers to purchase were received. On February 1, 1982, the quorum court recommended that the county judge enter into a memorandum of sale with Methodist Health Systems, Inc., a subsidiary of Methodist Hospitals of Memphis. On February 5, 1982, the county and Methodist entered into a memorandum of understanding and on March 5, 1982, the nonprofit corporate lessee and Methodist entered into an agreement restructuring the nonprofit corporation so that Methodist would be the sole stockholder of the corporation. Under this agreement the restructured corporation would retain title to all of its assets, including the lease. Methodist agreed to pay all of the debts of the nonprofit corporation which amounted to $1,642,243 and agreed to pay the county a total of $10,757,058.

Appellant brought the suit against appellees, who are the county officials involved, the nonprofit corporation and Methodist, alleging that the payment of the debts of the nonprofit corporation constituted an illegal exaction. The trial court ruled that there was no genuine issue as to any material fact, that appellees had made a prima facie showing in favor of the motion for summary judgment and therefore the motion should be granted. We affirm. Once a prima facie showing has been made in support of a motion for summary judgment, the opposing party must discard the shield of formal allegations and meet proof with proof to show a genuine issue of fact. *Spickes* v. *Medtronic, Inc.*, 275 Ark. 421, 631 S.W.2d 5 (1982). In this case that genuine issue of fact was not shown to exist. The only proof is that the quorum court chose not to sell the buildings alone. The lessor, the county, and the lessee, the nonprofit corporation, combined to sell the whole interest as a fully functioning hospital with staff and equipment intact. The contested payment of the lessee's outstanding debt is nothing more

than a method to acquire all of the lessee's assets, including the remaining six years of the lease. There is no proof of an illegal exaction solely because the county sold its interest at the same time the lessee sold its interest.

Affirmed.