724 F.Supp. 640 (1989)
William G. SAUNDERS and Karen Saunders, Plaintiffs,
v.
HOLLOWAY CONSTRUCTION COMPANY, INC., Sto-Cote Products, Inc., and CertainTeed Corporation, Defendants,
v.
C-POULTRY COMPANY, d/b/a Conagra Poultry Company, Third Party Defendant.
Civ. No. 87-1151.
United States District Court, W.D. Arkansas, El Dorado Division.
August 24, 1989.
*641 Michael R. Landers, El Dorado, Ark., for plaintiffs.
Ronald L. Griggs, El Dorado, Ark., for Holloway Bros.
Teresa Wineland of Shackleford, Shackleford & Phillips, El Dorado, Ark., for Sto-Cote.
Carol Crafton Anthony of Compton, Prewett, Thomas & Hickey, El Dorado, Ark., for CertainTeed Corp.
Ian W. Vickery, El Dorado, Ark., for Conagra.

ORDER
OREN HARRIS, District Judge.
Before the Court are motions for summary judgment filed by separate defendants CertainTeed Corporation (CertainTeed) and Sto-Cote Products, Inc. (Sto-Cote). Plaintiffs have responded to the motions.
Plaintiffs state in their complaint that they contracted with Holloway for the construction of two broiler houses. The houses were completed in October of 1983. The ceilings of the broiler houses include Sto-Cote's product "Tu Tuf No. 4" paper and are insulated with CertainTeed's product "InsulSafe-II". Plaintiffs allege that on or about November 1, 1986, they discovered that the Tu-Tuf paper had deteriorated at every point where it came in direct contact with the InsulSafe-II insulation. Plaintiffs allege that Sto-Cote is negligent in the manufacturing of Tu-Tuf, and Certainteed is negligent in its construction of InsulSafe-II because it deteriorates Tu Tuf.
This action was filed October 23, 1987. In their motions for summary judgment, CertainTeed and Sto-Cote claim that this suit is barred by the statute of limitations. They assert that the statute began to run at the time of manufacturing, or alternatively, at the time the products were installed in the broiler houses. Either way, the action would be barred. Plaintiffs assert the time period began upon the discovery of the deterioration, about one year before the suit was filed. The parties agree that the applicable limitation period is contained in The Arkansas Products Liability Act, Ark.Code Ann. § 16-116-103 which states:
All product liability actions shall be commenced within three years after the date on which the death, injury or damage complained of occurred.
The question is whether the "damage complained of" occurred prior to October 23, 1984, three years before the suit was filed. The Court finds it did not, and that this suit was timely filed.
Ark.Code Ann. § 16-116-103 is the same as the previous product liability statute, Ark.Stat.Ann. § 34-2803. This statute replaced Ark.Stat.Ann. § 37-206, which required a lawsuit to be filed "within three years after the cause of action shall accrue." No reason is indicated for the language change. It has been suggested that the new language broadens the previous limitations period since "damage complained of" could include later injuries developed more than three years after the original harm. Comment, The Arkansas Product Liability Act of 1979, 35 Ark.L. Rev. 364 (1981). In Mulligan v. Lederle Laboratories, 786 F.2d 859 (8th Cir.1986) the Court stated:
The [language change] clearly rejects the concept found in some older Arkansas cases that a cause of action accrues when the tort is complete; for example, in an automobile accident case `at the moment the car was turned over,' Faulkner v. Huie, 205 Ark. 332, 336, 168 S.W.2d 839, 841 (1943). Obviously, the plaintiff must suffer some harm before the new limitations period starts to run.
786 F.2d at 862.
In Schenebeck v. Sterling Drug, Inc., 291 F.Supp. 368 (E.D.Ark.1968), aff'd, 423 F.2d 919 (8th Cir.1970), the Court stated "awareness on the part of a consumer that he has sustained injury from use of a product involves both an awareness of the fact of injury and awareness of a causal connection or probable causal connection between the product's use and the injury." Id. at 375-376. Mulligan and Schenebeck both hold that the limitations period begins running *642 when the manifested damage reveals the nature of the injury. In other words, the plaintiff must be aware of the damage and its causes before the time begins to run. This reconciles with Western Coal & Mining Co. v. Randolph, 191 Ark. 1115, 89 S.W.2d 741 (1936). In that case, the defendant negligently removed subjacent support causing the plaintiff's land to later cave in. The Arkansas court held the cause accrued from the time the damage to the surface became apparent rather than when the defendant removed the underground support.
CertainTeed and Sto-Cote argue that the statute of limitations begins to run when the negligent damage occurs, not from the time the full extent of the injury is ascertained. They cite Spickes v. Medtronic, Inc., 275 Ark. 421, 631 S.W.2d 5 (1982) and Field v. Gazette Publishing Co., 187 Ark. 253, 59 S.W.2d 19 (1933) for this contention. Spickes involved a plaintiff whose defective pacemaker had to be surgically removed and replaced in 1977. His lawsuit against the manufacturer was brought three years and three weeks later. Field involved an occupational disease which first appeared as a lesion on plaintiff's toe, and his lawsuit was filed more than three years later. Both plaintiffs in Spickes and Field knew or should have known of their respective injuries and their natures. In the case at bar, plaintiffs allegedly first discovered the damage to the broiler houses in November of 1986. This action was brought less than a year later.
Although the materials were manufactured and the broiler houses were built three years before the filing of this suit, the deterioration (the "damage complained of") did not manifest and reveal its nature until a year before the suit was filed. If there is any reasonable doubt in a statute of limitations problem, the Court will resolve the question in favor of the complaint standing and against the challenge. Dunlap v. McCarty, 284 Ark. 5, 678 S.W.2d 361 (1984). The Court finds that the statute of limitations did not begin to run until November 1, 1986, the date the damage was first detected.
IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the motions for summary judgment filed by Certainteed and Sto-Cote be and the same are hereby denied as a matter of law.