FIELD *v.* GAZETTE PUBLISHING COMPANY.

4-2834

Opinion delivered March 27, 1933.

*Horace Chamberlin,* for appellant.

*Cockrill & Armistead* and *Owens & Ehrman,* for appellee.

JOHNSON, C. J., (after stating the facts). From the above statement of facts it will be seen that the trial

court made application of the three-year statute of limitations in bar of appellant's alleged right of recovery. (Crawford & Moses' Dig., § 7148).

It is conceded on behalf of appellant that, if the trial court was correct in instructing the jury that, "if you find that the plaintiff contracted the malady of which he complains previous to June 10, 1926, then you will find for the defendant," this case should be affirmed.

It is the contention of appellant that the three-year statute of limitations was tolled or held in abeyance until appellant, or his physicians, determined the specific malady from which he was suffering and that this information was not obtained until sometime in 1928.

Volume 17 R. C. L., entitled, "Limitation of Actions," § 30, page 765, in part, reads as follows:

"*Negligence Actions.* In applying these general principles in negligence actions it has been held that the statute as to actions for personal injuries begins to run at the time the injuries are sustained although their results may not be then fully developed."

In Wood on Limitation of Causes, vol. 2, page 844, the author announces the rule as follows:

"In actions from injuries resulting from the negligence or unskillfulness of another, the statute attaches and begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained. The gist of the action is the negligence or breach of duty and not the consequent injury resulting therefrom."

As we view the situation, the great weight of American authority is to the effect that the cause of action arises and the statute of limitations begins to run from the date of the negligent act and not from the time the full extent of the injury may be ascertained. *Cappusi* v. *Barone,* 266 Mass. 578, 165 N. E. 653.

The court has reached the conclusion that the lower court made correct application of the three-year statute of limitations and therefore did not commit error in giving the instructions complained of.

As we understand this record, appellant does not contend that the appellee fraudulently concealed any facts

## ERRATA

*187 ARKANSAS REPORTS at page 256*

Detach at perforation, moisten the back, and paste over the third full paragraph on page 256 of *Field v. Gazette Pub. Co.:*

Volume 17 R. C. L., entitled, "Limitation of Actions, " § 130, page 765, in part, reads as follows:

with reference to his injuries, and he does not contend that the appellee had knowledge of facts or information other than those well known to appellant.

The trial court submitted to the jury the question as to whether or not appellant suffered any injury after June 10, 1926, by or through the negligent act of the appellee, and the jury, by its verdict, has found against him on this issue. The verdict of the jury necessarily found that appellant's injury was inflicted prior to June 10, 1926.

It is the conclusion of this court that the trial court was correct in declaring that appellant could not recover for any injury suffered prior to June 10, 1926, and that the jury has found from the testimony that he suffered no injury at the hands of the appellee after June 10, 1926.

Therefore the judgment should be affirmed.

BUTLER, J., disqualified and not participating.