FAULKNER *v.* HUIE.

4-6994                                          168 S. W. 2d 839

Opinion delivered February 22, 1943.

*Raymond Jones,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

CARTER, J.  Faulkner was injured in an automobile accident on October 9, 1935.  Huie was driving the car and the car was turned over.  The accident happened in Missouri.  Faulkner brought suit on November 8, 1941, more than six years after the date of the accident. He alleged he was injured as a result of negligence on the part of Huie.

Huie demurred to the complaint on the ground that it appeared from the face of the complaint that the cause of action was barred by the three-year statute of limitations.  The demurrer was sustained by the trial court, the complaint was dismissed and Faulkner has appealed.

The complaint alleged that as a result of the injuries received in the automobile accident Faulkner has lost his hearing "and that it was not until December 13, 1938, that he discovered that the injuries sustained by him in said automobile accident" were resulting in the loss of his hearing.  "It was not until the last mentioned date that he knew, or had any reason to suspect, that there was any connection between the sustaining of said injuries in said automobile accident by him, and the loss of hearing in his left ear; that if he had had any such information before December 13, 1938, he could

and would have sooner instituted his suit.'' He also alleged he had consulted many doctors, during the time between the accident and the suit, to ascertain the cause of his growing deafness and to have it treated. The suit was instituted within three years after the date on which the plaintiff alleged that he first discovered that the loss of his hearing was a result of the injuries sustained in the automobile accident.

Faulkner insists here that ''In actions at law, the statute of limitations cannot be taken advantage of by demurrer, unless the complaint, on its face, shows that a sufficient time had elapsed to bar the action, *and the non-existence of any ground of avoidance.''* As we understand it, the contention is that although the ground of avoidance stated in the complaint may not be sufficient, nevertheless, this question cannot be passed upon on a demurrer to the complaint. He contends that if the complaint alleges any ground of avoidance, whether the same be sufficient or not to toll the statute of limitations, then the statute of limitations cannot be taken advantage of by demurrer to the complaint.

Faulkner's second contention is that his complaint did set up sufficient grounds for the avoidance of the statute of limitations.

Neither contention is sound.

It is true that, in actions at law, the statute of limitations may not be taken advantage of on a demurrer to the complaint where the face of the complaint does show the existence of valid grounds for avoiding the running of the statute. The mere allegation of certain alleged grounds of avoidance will not, however, prevent the court from examining, on a demurrer, whether the grounds stated are sufficient or not.

In the case of *Smith* v. *Missouri Pacific Railroad,* 175 Ark. 626, 1 S. W. 2d 48, this court said: ''This court has frequently held, and we now hold again, that, where the complaint shows on its face that it is barred by the statute of limitations, and no ground of avoidance is shown, the question may be raised by demurrer.''

Note that the court said "no ground of avoidance *is shown*"—it did not use the word "alleged." There is no reason why the court should not, on demurrer to the complaint, determine whether the alleged ground of avoidance is really a ground—whether it is sufficient as a matter of law to toll the running of the statute.

In the case at bar the ground of avoidance alleged in the complaint was not sufficient as a matter of law. On the demurrer, of course, the facts alleged are taken as true and the plaintiff is entitled to the benefit of all the inferences which can be reasonably drawn therefrom.

In tort actions, the statute of limitations usually begins to run when the tort is complete. As stated in *IV Restatement of Torts,* § 899, c: "A battery or cause of action for negligently harming a person or a thing is complete upon physical contact even though there is no observable damage at the time of contact."

In the case of *Field* v. *Gazette Publishing Company,* 187 Ark. 253 (1933), 59 S. W. 2d 19, the plaintiff claimed that he had not been furnished a safe place in which to work and that as a result thereof he contracted lead poisoning. The evidence indicated that he had contracted this disease more than three years prior to the bringing of the suit. At that time he had developed small sores. Within three years of the bringing of the suit, the effects of the disease had become very severe. The plaintiff had had to undergo several amputations on his feet and legs. The matter was submitted to the jury under instructions to find for the defendant if the plaintiff had contracted his malady more than three years prior to the bringing of his suit. The instructions also permitted a finding for the plaintiff for any injuries suffered within three years of the bringing of the suit. On the appeal, the question raised was whether the three-year statute of limitations applied. This court said: "As we view the situation, the great weight of American authority is to the effect that the cause of action arises and the statute of limitations begins to run from the date of the negligent act and not from the time the full extent of the injury may be ascertained."

This court further said: "It is the conclusion of this court that the trial court was correct in declaring that appellant could not recover for any injury suffered prior to June 10, 1926, and that the jury has found from the testimony that he suffered no injury at the hands of the appellee after June 10, 1926. Therefore the judgment should be affirmed."

The appellant cites several cases which, he contends, show that the doctrine followed in the Field case does not apply here. These cases are not in point.

In *C., R. I. & P. Ry. Co. v. Humphreys,* 107 Ark. 330, 155 S. W. 127, L. R. A. 1916E, 962, the railway company had constructed a culvert on its right-of-way. Damages to the adjoining property resulted. This court held that the statute of limitations would not begin to run at the time of the construction if it were known at that time merely that damage was probable or if the nature and extent of the damage could not be reasonably known and estimated at that time. The principles of that case do not apply here. The construction of the culvert was lawful unless it had a damaging effect and the passage of time alone would reveal whether it would have a damaging effect—whether any wrongful act had been committed at all. Here the wrongful act was complete at the moment the car was turned over.

The same principle is involved in the case of *Brown* v. *Arkansas Central Power Company,* 174 Ark. 177, 294 S. W. 709. The action there complained of was the construction of a power plant which was lawfully constructed upon the defendant's lands, but which, it was claimed, through its operation, constituted a nuisance. This court held that it could not say as a matter of law that the plant was of such a nature that it could be known at the beginning that damage must necessarily result and that the nature and extent of such damage could have been reasonably ascertained and estimated at the time of construction. If not, the statute of limitations would not begin to run at the time of the construction.

A different situation was presented in the case of *Burton* v. *Tribble,* 189 Ark. 58, 70 S. W. 2d 503. That was

a suit based upon the negligence of a surgeon in leaving a gauze bandage inside of a patient's belly. This was done in 1926. The plaintiff did not know about it until 1933, less than three years before filing suit. The court found that the negligent act had been fraudulently concealed from the plaintiff by the doctor, that there was a continuous duty on the part of the doctor to make known what he had done and that there was a daily breach of this duty, and that these fraudulent concealments and continuing acts of negligence tolled the statute until such time as the defendant should remove the foreign body or until the plaintiff knew or should have known of its presence.

In the case at bar, there is no contention that Huie fraudulently concealed any facts about the injury nor that he knew of any facts other than those known to Faulkner.

The complaint here showed on its face that a sufficient time had elapsed, between the accident and the starting of the suit, to bar the cause of action. The grounds alleged for avoidance are not sufficient to toll the running of the statute of limitations. This question was proper to consider on demurrer to the complaint, and it was correctly decided by the trial court. Plaintiff's cause of action is barred by the statute. Pope's Digest, § 8928. The judgment is affirmed.