Merlyn W. JONES and Florence S. JONES
v. CENTRAL ARKANSAS RADIATION
THERAPY INSTITUTE, INC., and
Dr. D. R. HARRIS and John DOE

80-139                                    607 S.W. 2d 334

Supreme Court of Arkansas
Opinion delivered November 3, 1980
Rehearing denied December 8, 1980

*Haskins & Wilson,* by: *Gary R. Eubanks & Associates,* for appellants.

*Friday, Eldredge & Clark,* by: *J. D. Watson,* for appellees.

RICHARD L. MAYS, Justice. More than two years after appellant, Merlyn W. Jones, received radiation therapy from appellees, Dr. D. R. Harris and the Central Arkansas Radiation Therapy Institute, Inc., he and his wife filed suit against them alleging malpractice and fraudulent concealment. When appellees raised the two year malpractice statute of limitation as a bar to appellants' action, the trial court dismissed appellants' complaint. We reverse the trial court because appellants' complaint sets forth sufficient facts of fraudulent concealment of the alleged malpractice to toll the statute of limitation.

Although Ark. Stat. Ann. § 37-205 (Repl. 1962) requires that all medical malpractice actions be brought within 2 years from the date of the alleged malpractice, this Court has long recognized that fraudulent concealment of one's malpractice will toll the running of the statute of limitation. *Crossett Health Center* v. *Croswell,* 221 Ark. 874, 256 S.W. 2d 548 (1953).

In reviewing the trial court's dismissal, we are obliged to accept as true all of the factual allegations of appellants' complaint and draw all reasonable inferences from those alleged facts in favor of appellants. *Griffin* v. *Georges, Inc.,* 267 Ark. 91, 589 S.W. 2d 24 (1979).

Appellants' complaint alleged that as a proximate result of radiation treatment administered by appellees or about

August 3, 1976, and thereafter, Mr. Jones received " . . . severe and permanent injuries, including, but not limited to, radiation and quadraplegia secondary to radiation myelitis . . . " In their amended complaint, appellants allege that in July of 1978 Jones entered Veterans Administration Hospital in Little Rock, Arkansas and was subsequently released with a diagnosis of radiation myelitis. When he stopped by Dr. Harris' office to show him what the radiation had done, Dr. Harris retorted, "well Merlyn, what did you do, come up here to make idle threats?" Dr. Harris is alleged to have examined appellant, admitted that there was damage, but to have told appellant that he was not convinced that the radiation treatment had caused it. He told appellant that he would have to secure his files from the Veteran's Hospital and arrange another appointment. No appointment was arranged however, and after repeated calls, appellant was only able to arrange an appointment with Dr. Harris in late September or early October, after the statute of limitation had run. Dr. Harris allegedly claimed that he could not obtain the necessary information from the Veteran's Hospital to make a diagnosis and informed appellant that he would need to undergo certain tests. Dr. Harris also said that he would contact a Dr. Warren Boop, a neurosurgeon, about Jones' condition before setting up another appointment. According to the complaint, Jones agreed but never heard from Dr. Harris or his office again.

We believe that appellants' allegations present a factual issue as to fraudulent concealment. It may reasonably be inferred that Dr. Harris' representation concerning the uncertainty about the cause of Jones' condition was false and that his conduct thereafter was purposely dilatory to cover up its fraudulent character and prevent Jones from seeing another physician. But for this fraud, Merlyn Jones could have discovered the alleged malpractice before the statute of limitation ran. Therefore, since the statute of limitation may have been tolled by the fraudulent concealment, appellants' action should not have been dismissed.

Reversed.

FOGLEMAN, C.J., HOLT and STROUD, JJ., dissent.

JOHN F. STROUD, Justice, dissenting. I respectfully dissent from the majority opinion due to its finding that the complaint of appellants set forth sufficient facts of fraudulent concealment of the alleged malpractice to toll the statute of limitations. Accepting as true all of the facts alleged in appellants' complaint and amended complaint and giving them all reasonable inferences in favor of appellants, I still am unable to find sufficient facts alleged to find concealment, much less fraudulent concealment.

Appellants allege that the treatment of Merlyn Jones by appellees ended on September 7, 1976, and that he came by the offices of appellees in July of 1978 to show Dr. D. R. Harris what the radiation had done to him. Merlyn Jones had just been discharged from the Veterans Administration Hospital at Fort Roots where he received therapy and where it was confirmed that he had radiation myelitis. There is no allegation that Mr. Jones saw appellees between September 7, 1976, and July of 1978, or that appellees even knew that he was suffering from radiation myelitis until Mr. Jones so advised Dr. Harris. How could appellees conceal the nature, extent and cause of the injury to Merlyn Jones from the very person who told them?

I also find no merit to appellants' second point of error on appeal that they were denied due process of law by the failure of the trial court to find that the statute of limitations did not begin to run until it was possible to diagnose the injury of Mr. Jones. Appellants attached an affidavit of a certified practicing radiologist as an exhibit to their amended complaint that stated that the symptomology of radiation myelopathy did not appear in Mr. Jones until 11 months after his treatments had ended. This court has previously held Ark. Stat. Ann. § 37-205 (Repl. 1962), the two year malpractice statute, to be constitutional in *Owen* v. *Wilson*, 260 Ark. 21, 537 S.W. 2d 543 (1976) where we said:

The statutory time within which an action must be brought cannot be judicially pronounced unreasonable unless it is so short as under the circumstances to amount to a practical denial of the right itself. [Citation omitted.] We are in no position to say that the legislative

determination that two years . . . is such an un-
reasonably short period of time for those situated like
appellants to discover and assert their cause of action,
absent fraudulent concealment, to deprive them of due
process of law or to deprive them of any remedy.

Here appellants had 13 months from the time they allege
the symptoms appeared and two months from the confirma-
tion of the diagnosis to file a malpractice action. I cannot say
these time periods denied them due process of law. I would
affirm the order of the trial court granting appellees' Motion
to Dismiss.

FOGLEMAN, C.J., and HOLT, J., join in this dissent.