Earlene TREAT *v.* Dr. Donald KREUTZER

86-181                                        720 S.W.2d 716

Supreme Court of Arkansas
Opinion delivered December 15, 1986

*The McMath Law Firm, P.A.*, by: *Phillip H. McMath*, for appellant.

*Bassett Law Firm*, by: *Dale Garrett*, for appellee.

DAVID NEWBERN, Justice. This is an action brought by Earlene Treat, the appellant, against Dr. Kreutzer, the appellee,

for medical injury resulting from an alleged misdiagnosis which occurred in 1976. The action was brought in 1985, and the appellee moved to dismiss on the basis of Ark. R. Civ. P. 12(b)(6), contending the complaint failed to state facts upon which relief could be granted because it showed on its face that the two-year statute of limitations had run.

After refusing the request of the appellant for an order requiring the appellee to submit to an oral deposition in which the appellant hoped to establish that the statutory limitation period had been tolled by fraud, the court granted the appellee's dismissal motion.

The appellant contends it was error for the court to have refused an order to require the appellee to submit to a deposition and that we should apply the "discovery rule" to the effect that the statute of limitations was tolled until 1984 which was when the appellant discovered the alleged medical injury. We find no error in the refusal to require discovery where the complaint is, on its face, fatally deficient, and the statute, as previously intepreted by us, precludes application of the discovery rule in this case. Thus, we must affirm on both points.

## 1. The deposition order

In support of her contention that she should have been allowed to take the appellee's deposition, the appellant cites *Means* v. *Wilson*, 522 F.2d 833 (8th Cir. 1975), to the effect that the purpose of a complaint is merely to put the defendant on notice of the claim. We specifically rejected the theory of notice pleading in *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981), noting that, unlike the comparable federal rule, Ark. R. Civ. P. 8(a) requires a statement of "facts showing the pleader is entitled to relief."

Next, the appellant cites *Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340 (1978), for the point that F.R.C.P. 26(b)(1) permits discovery of any matter that bears on or that could reasonably lead to other matters that bear on the issues in, or that may be in, the case. The appellant wanted to take the appellee's deposition in the hope of being able to amend her complaint to raise the issue of fraud. We have held that a complaint alleging facts showing a fraudulent concealment of

medical injury is sufficient despite the fact that it was filed more than two years after the alleged injury occurred because fraudulent concealment tolls the statute of limitations. *Jones v. Central Arkansas Radiation Therapy Institute,* 270 Ark. 988, 607 S.W.2d 334 (1980).

■ The main distinction between this case and *Jones v. Central Arkansas Radiaiton Therapy Institute, supra,* is the appellant's failure to state facts showing fraud. If we were to hold that despite this deficiency in the complaint the appellant could use discovery to find facts to state in an amended complaint so as to demonstrate fraud, we would virtually overrule *Harvey v. Eastman Kodak Co., supra.* A pleader then would be required only to give notice by a complaint, invalid on its face, that a claim may exist, and discovery could be used to ascertain whether it does or not. While we are mindful of the criticism of this tack we have taken in our rule and in our cases, *see* H. Brill, Faculty Note, 34 Ark. L. Rev. 722 (1980), our precedent is clear, and we will follow it.

## 2. The discovery rule

■ Ark. Stat. Ann. § 34-2616 (Supp. 1985), in pertinent part, is as follows:

> All actions for medical injury shall be commenced within two (2) years after the cause of actions [action] accrues. The date of the accrual of the cause of action shall be the date of the wrongful act complained of, and no other time, except that where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier. . . .

The appellant contends the statute of limitations does not bar the action because her claim was filed within two years of the time she discovered that the appellee had misdiagnosed her condition thus causing her medical injury. The allegation is that a tumor tissue biopsy showing the appellant had cancer was

examined by the appellee in 1976. His report showed the tumor was benign. In 1984 the appellant was hospitalized. The biopsy slide taken in 1976 was allegedly examined by another physician who stated the 1976 slide showed malignancy.

The appellant's argument that this was a continuing tort and that the statute of limitations does not bar her claim if she filed it within two years of discovering the wrongdoing of the appellee is answered specifically in our opinion in *Williams* v. *Edmondson*, 257 Ark. 837, 520 S.W.2d 260 (1975). There the allegation was that the physician appellees had misread an X ray. As to one of the doctors, Dr. Edmondson, there was a close factual question whether the statute of limitations had run before the action had commenced. As to the other, Dr. Ward, it was clear that the action was not commenced until more than two years after he allegedly misread the X ray. We reversed and remanded the case because the trial court erroneously ruled the statute of limitations had run with respect to vicarious liability Dr. Ward may have had for the acts of his partner, Dr. Edmondson. However, we answered the contention that the statute had not run as to the direct liability of the doctors because the action was clearly commenced within two years after the alleged wrongful conduct was discovered by the appellant. We pointed out that although we had at one time held that the statute of limitations was tolled until the patient discovered medical injury, we had not so held since the medical injury statute of limitations was amended by Act 135 of 1935 to say the cause of action accrues at the date of the wrongful act complained of and no other. We also noted there was nothing in the complaint showing fraud. We said:

> The continuing tort theory best addresses itself to the General Assembly who has the responsibility for establishing the public policy on that issue. Needless to say the only thing alleged is that the appellees were negligent in reading the X-rays and that they were thereafter filed away. Thus by the allegations, the wrong, if any, was completed at the time of the reading. [257 Ark. at 848 and 849, 520 S.W.2d at 267.]

The misreading of the tissue biopsy in this case is completely analogous to the misreading of the X ray in *Williams*

v. *Edmondson, supra.*

We are aware of the very respectable authority to the effect that a statute such as § 34-2616 which says the discovery rule applies to cases in which a foreign object is left in a patient's body but not to other medical injury allegations is unconstitutional because it is a denial of equal protection of the laws. *E.g., Austin v. Litvak*, 682 P.2d 41 (Colo. 1984); *Frohs* v. *Greene*, 253 Or. 1, 452 P.2d 564 (1969). *Cf. Allrid* v. *Emory University*, 249 Ga. 35, 285 S.E.2d 521 (1982). As that issue is not before us, we leave it for future consideration.

Affirmed.