John Leonard THOMPSON *v.* Dr. Robert N. DUNN, et al.

94-499                                889 S.W.2d 31

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Condit, Peek & Young*, by: *Michael D. Peek*, for appellant.

*Friday, Eldredge & Clark*, by: *Calvin J. Hall* and *Gregory D. Taylor*, for appellee Howard Memorial Hospital.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *J. Kendall Cook*, for appellee Dr. R. Dunn.

STEELE HAYS, Justice. This is an appeal from an order dismissing a medical malpractice complaint. The trial court held the statute of limitations barred the action, and we agree.

On July 14, 1991, appellant John Thompson was treated for a foot injury by appellee Dr. Robert Dunn at the Howard Memorial Hospital, also an appellee. Thompson remained under the care of Dr. Dunn and Howard Memorial Hospital until he was discharged on July 19, 1991. On June 25, 1993, Thompson forwarded notice of his claim for medical injury, pursuant to Ark. Code Ann. § 16-114-204 (Supp. 1993), to appellees Dr. Dunn and Howard Memorial Hospital. Thompson filed his original complaint on September 20, 1993, alleging that particles of clothing, petroleum products and dirt which Dr. Dunn failed to clean out of the wound caused a massive infection. Thompson asserted he sustained injuries and damages as a result of the negligence of Dr. Dunn and Howard Memorial Hospital.

Dr. Dunn and the hospital moved to dismiss because the complaint was barred by the two-year statute of limitations, Ark. Code Ann. § 16-114-203 (Supp. 1993). Subsequently, Thompson filed a First Amended Original Complaint, alleging that it

was not until February of 1993 that he knew or reasonably could have known the defendants had left foreign objects and material in his foot.

The trial court ruled Thompson's complaint was barred by the two-year statute of limitations governing medical injury claims and dismissed the complaint with prejudice. In the order of dismissal, the trial court directed that Thompson's First Amended Original Complaint be stricken. Thompson appeals from the order of dismissal assigning three errors to the trial court: (1) in dismissing the suit since it was filed within the time allowed in § 16-114-204(b); (2) in dismissing the suit since it was filed within the time allowed in § 16-114-203(b); and (3) in striking his First Amended Original Complaint. Finding no error, we affirm the trial court.

## I

### *Ark. Code Ann. § 16-114-204(b)*

Under Arkansas law claims for medical malpractice must be brought within two years from the date the cause of action accrues. Ark. Code Ann. § 16-114-203(a) (Supp. 1993). However, an exception is made for foreign objects left in the body of the claimant, in which case the action may be brought within one year from the date of the discovery of the object, or from the date the object should have been discovered, whichever is earlier. Section 16-114-203(b).

Initially, the appellant contends the complaint was filed within the time allotted under Ark. Code Ann. § 16-114-204(b). That section authorizes a ninety-day extension for commencement of a malpractice action if notice pursuant to § 16-114-204(a) is served within sixty days of the expiration of the period described in § 16-114-203. Based on the original complaint, the final date on which Thompson alleged negligence (July 19, 1991) became, for purposes of the lawsuit, the "date of the accrual of the cause of action." The statute of limitations expired on July 19, 1993; therefore, the June 25, 1993 notice was served within sixty days of the expiration of the statute of limitations. Further, the original complaint was filed within ninety days of the service of the notice and, hence, within the time set out in § 16-114-204(b). Therefore, appellant complied with § 16-114-204(b).

10

■ The appellant contends the validity of § 16-114-204(b) was not affected by the holding in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), where this court held ARCP Rule 3 directly conflicts with and supersedes § 16-114-204. This issue, however, was recently settled conclusively in *Parmley* v. *Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994) and *Thomas* v. *Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994) where the entire statute was held to be superseded.[1] In sum, the grace period pursuant to § 16-114-204 has been invalidated and the two-year statute of limitations set forth in § 16-114-203 is controlling. The appellant's original complaint, however, was filed after the expiration of the two-year statute of limitations.

## II

### *Ark. Code Ann. § 16-114-203(b)*

In the alternative, the appellant submits the "foreign object exception" raised in his First Amended Original Complaint applies. Appellant submits the statutory period for filing the complaint is extended because it was not until February of 1993 that he knew or reasonably could have known that the defendants left foreign objects and material in his foot. The appellees contend the foreign object exception is not applicable because the objects in question were not placed in appellant's foot by medical care providers. However, we see no reason to determine whether the legislature intended to include the objects in question within the foreign object exception.

■ Even assuming the appellant did not discover a foreign object until February of 1993, the exception is not applicable and appellant was still required to file his complaint by July 19, 1993. Section 16-114-203(b) provides in part:

> However, where the action is based upon the discovery of a foreign object in the body of the injured person which is *not discovered* and could not reasonably have been discovered *within such two-year period*, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have

---

[1] These opinions were handed down after the trial court had entered its findings in this case.

been discovered, whichever is earlier. [Our emphasis.]

Because the "foreign objects" were discovered within the two-year period, the exception is not applicable and the action had to be commenced within two years of the date of the wrongful act complained of. The one-year extension applies only if the object is *not discovered*, and could not reasonably have been discovered, *within such two-year period*. In his First Amended Original Complaint, Thompson admits discovering the objects in February of 1993, well within the two-year statutory period.

## III

### *"First Amended Original Complaint"*

Arkansas Rule of Civil Procedure 15(a) provides in part:

> . . . a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

This rule vests broad discretion in the trial court and the exercise of that discretion will be sustained unless it is manifestly abused. *Wingfield* v. *Page*, 278 Ark. 276, 644 S.W.2d 940 (1983). Further, the amendment of a pleading relates back to the date of the original pleading where the requirements of ARCP Rule 15(c) are satisfied. *Southwestern Bell Tel. Co.* v. *Balstech, Inc.*, 313 Ark. 202, 852 S.W.2d 813 (1993).

The appellant contends in the case before us that the defendants failed to show prejudice. However, the statute of limitations bars the claim in the First Amended Original Complaint and allowing the amendment would cause undue delay. There is good authority that trial judges may properly deny leave to amend if the proposed changes would not save the action. *Humphreys* v. *Roche Biomedical Labs, Inc.*, 990 F.2d 1078 (8th Cir. 1993). In *Humphreys*, the court found the complaint, even if amended, would still be time-barred; therefore, there was no abuse of discretion in denying the motion to amend. Further, one seeking reversal on the basis of a denial of a motion to amend

pleadings must show a manifest abuse of discretion. *See Wingfield* v. *Page, supra.* No such abuse has been shown to exist in this case.

Affirmed.

GLAZE, J., not participating.