Paula NORRIS *v.* John L. BAKKER, D.D.S.

95-1                                      899 S.W.2d 70

Supreme Court of Arkansas

Opinion delivered May 30, 1995

*Donald C. Donner* and *Michael R. Shahan*, for appellant.

*Davis, Cox & Wright, PLC*, by: *Constance G. Clark*, and *Walter B. Cox*, for appellee.

TOM GLAZE, Justice. On January 21, 1994, appellant Paula Norris filed a complaint against her dentist, appellee John Bakker, alleging that in either late 1989 or early 1990, Bakker examined her breast under the pretense of performing a lymph node examination. Alleging a breach of fiduciary duty, Norris claimed compensatory and punitive damages for invasion of privacy and medical injury. In his answer, Bakker denied examining Norris' breasts and affirmatively pled the statute of limitations.

On February 9, 1994, Bakker filed a motion for summary judgment along with a supporting affidavit and Norris' dental chart reflecting that he had last treated Norris on March 17, 1989. Norris responded with an affidavit restating the allegations in her complaint, and in addition, claimed Bakker intentionally and fraudulently concealed the true purpose of his examination which she did not discover until December 14, 1993.

The trial court determined that the cause of action accrued on March 17, 1989, and there was no evidence of fraudulent concealment by Bakker. Therefore, the trial court granted Bakker's motion for summary judgment based on the running of both the two year statute of limitations for medical injury and the three

year statute of limitations for invasion of privacy. On appeal, Norris argues the trial court erred by failing to find the limitations period for a medical injury had been tolled by fraudulent concealment, and erred by finding her cause of action for invasion of privacy accrued at the time the alleged wrongful act occurred. Because we find no merit to either of Norris' arguments, we affirm.

Summary judgment is a remedy that should only be granted when there are no genuine issues of material fact to litigate and when the case can be decided as a matter of law. *Hampton* v. *Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994). The burden of showing there is no remaining genuine issue of material fact and entitlement to judgment as a matter of law is upon the movant for summary judgment. Any doubt and all inferences must be resolved against the moving party. *Mt. Olive Water Assoc.* v. *City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993). Once the moving party makes a prima facie showing of entitlement, however, the responding party must meet proof with proof in order to demonstrate a genuine issue of material fact remains. *Id.* The response and supporting material must set forth specific facts showing there is a genuine issue for trial. *Hampton*, 318 Ark. 771, 887 S.W.2d 535.

First, Norris claims Bakker's act was something so furtively planned and secretly executed as to keep her cause of action concealed from her because she lacked the essential medical knowledge to realize that such touching was not a necessary part of a lymph node examination. Because of the doctor-patient relationship, Norris argues Bakker had an imperative duty to inform her that he had inflicted a medical injury on her. For support, Norris cites *Burton* v. *Tribble*, 189 Ark. 58, 70 S.W.2d 503 (1934), where this court held that a physician who negligently left a roll of gauze in a patient's abdomen after surgery had an imperative duty to disclose this fact to her, and the physician's failure to inform the patient was a continuing act of negligence. In *Burton*, this court held the physician's failure to inform the patient tolled the statute of limitations until he either removed the object, or the patient learned or should have learned of its presence.

Since *Burton* was decided, the legislature enacted Ark. Code Ann. §§ 16-114-201—209 (1987 and Supp. 1993),

which govern causes of action for medical injuries. Pursuant to § 16-114-203(a), all actions for medical injury shall be commenced within two years after the cause of action accrues. Under § 16-114-203(b), the date of accrual is the date of the wrongful act complained of and no other time, unless otherwise excepted under the statute. Here, the medical injury claimed by Norris is not one that is otherwise excepted. To support his motion for summary judgment, Bakker presented undisputed evidence that the alleged wrongful act could not have occurred later than March 17, 1989, the date of Norris' last visit to Bakker's office and over four years before she filed her complaint in 1994.

This court has held that where the affirmative acts of concealment by the person charged with fraud prevent the discovery of that person's representations, the statute of limitations will be tolled until the fraud is discovered or should have been discovered with the exercise of reasonable diligence. *Wilson* v. *General Electric Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992). Here, Bakker did nothing to prevent Norris from discovering the falsity of his reputed representation that touching her breasts was necessary to a lymph node examination. As this court has stated:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

*Id.* at 87 (citations omitted). *See also Hampton* v. *Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994). In the present case, Norris failed to show how Bakker prevented her from learning that his representation was false.

Further in her affidavit, Norris merely restated that it was her opinion that fraudulent concealment occurred. Ark. R. Civ. P. 56(e) provides that when a motion for summary judgment is made and supported by affidavits and other documents, the adverse party may not rest upon mere allegations or denials of

the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Lubin* v. *Crittenden Hospital Assoc.*, 295 Ark. 429, 748 S.W.2d 663 (1988). Norris failed to meet proof with proof, and set forth specific facts by which Bakker caused his act or its purpose to be concealed.

Next, Norris contends, like with her medical injury claim, Bakker invaded her privacy by intrusion on December 14, 1993, when she learned that his touching was inappropriate.[1] Because her injury was one to the psyche, Norris argues she did not suffer injury until she realized her privacy had been invaded, thus, Ark. Code Ann. § 16-56-105 (1987), the three year statute of limitations for invasion of privacy, had not expired when she filed her complaint.

Once again, in the absence of concealment of the wrong, the statutory period begins to run when the wrongful act occurs, not when it is discovered. *Hampton* v. *Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994). Because Norris failed to show an affirmative act of concealment by Bakker, Norris' cause of action advanced under either a medical injury or invasion of privacy theory accrued on March 17, 1989, her last treatment date.

The trial court was correct in granting summary judgment for the reasons discussed. Therefore, we affirm.

ROAF, J., not participating.

---

[1] We do not determine whether a cause of action for invasion of privacy by intrusion exists under the facts of this case.