Dorothy L. HOWARD and Johny M. Howard *v.*
NORTHWEST ARKANSAS SURGICAL CLINIC, P.A.:
Robert Petrino, M.D., FACS, Individually; and Barbara A.
Sandefur, M.D., Individually

95-900                                             921 S.W.2d 596

Supreme Court of Arkansas
Opinion delivered May 13, 1996

*Smith Law Firm*, by: *Truman H. Smith, Donna M. Hayden* , for appellants.

*Friday, Eldredge & Clark*, by: *Calvin J. Hall* and *Tonia P. Jones*, for appellees Robert A. Petrino, M.D., and Northwest Arkansas Surgical Clinic, P.A.

*Bassett Law Firm*, by: *W. Dale Garrett* and *James M. Graves*, for appellee Barbara A. Sandefur, M.D.

DAVID NEWBERN, Justice. This is a medical malpractice case. Dorothy L. Howard sued Northwest Arkansas Surgical Clinic, P.A.

("the Clinic"), Robert Petrino, M.D., and Barbara A. Sandefur, M.D., seeking damages because a portion of a needle was allegedly left in her breast after an excisional biopsy. The Howards' complaint alleged that Ms. Howard consulted Dr. Petrino and the Clinic after a mammogram revealed abnormal calcifications in her left breast. Dr. Sandefur, a radiologist, inserted a Kopan needle in Ms. Howard's breast to "localize" the tissue to be excised. Dr. Petrino excised the tissue which was sent to Dr. Sandefur for examination. Dr. Sandefur noted in her radiology report that, while the wire portion of the needle appeared in the tissue, the barbed tip of the needle was "not seen." The tip of the needle, consisting of a wire one centimeter long had remained in Ms. Howard's body. It was later removed surgically.

It was alleged that Ms. Howard suffered damages including pain and suffering, medical expenses from the subsequent surgery to remove the foreign object from her body, disfigurement, and loss of earnings. The claim of her husband, Johny M. Howard was for loss of consortium. Summary judgment was entered in favor of Dr. Petrino and the Clinic on the basis of the two-year medical malpractice statute of limitations, Ark. Code Ann. § 16-114-203 (Supp. 1995), although the Howards contended the statute was tolled due to fraudulent concealment of malpractice. Summary judgment was entered in favor of Dr. Sandefur on the basis of the same statute of limitations as well as on the ground that, as stated in the Trial Court's order, "there are no genuine issues of material fact." We affirm the judgment in favor of Dr. Sandefur and reverse the judgment in favor of Dr. Petrino and the Northwest Arkansas Surgical Clinic.

The Howards state three points of appeal. They contend the statute of limitations is unconstitutional in that it deprives them of property without due process of law contrary to the Fourteenth Amendment. We decline to consider that point because they failed to obtain a ruling on it from the Trial Court. *Technical Services of Arkansas* v. *Pledger*, 320 Ark. 333, 896 S.W.2d 433 (1995). We also must reject their argument that the statute of limitations was tolled, according to the exception found in § 16-114-203(b), during the time they were unaware of the presence of the foreign object. That is so because the object was discovered during the two-year limitations period. We reverse as to Dr. Petrino and the Clinic because a genuine issue of material fact remained as to whether the presence

of the foreign object in Ms. Howard's body was fraudulently concealed from her and the statute of limitations thus tolled until she learned of it.

The biopsy was performed on November 5, 1992. Dr. Sandefur's radiology report was also dated November 5, 1992. A subsequent routine mammogram revealed that the tip of the needle remained in Ms. Howard's breast. Dr. Petrino so informed her on December 30, 1993. The needle tip was removed on January 31, 1994. The Howards filed their action against the doctors and the Clinic on December 21, 1994.

In their complaint, the Howards alleged that Dr. Petrino was negligent in failing to exercise reasonable and ordinary care in his treatment of Ms. Howard by failing to discover and remove the barbed tip of the Kopan needle. It alleged that Dr. Sandefur was negligent in failing to discover that the tip of the needle was in Ms. Howard's breast because she noted in her report that "the barb is not seen, but the localizing wire is in the specimen."

Section 16-114-203 provides, in relevant part:

> (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

> (b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time. However, where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

Dr. Petrino moved to dismiss the complaint on the ground that the action was not brought within two years of the negligent act and was, therefore, barred by the statute of limitations. Dr. Sandefur moved for summary judgment on the same ground. The Howards amended their complaint to allege fraudulent concealment.

### 1. The foreign-object exception

■ At the hearing on the motions, the Trial Court treated the motion to dismiss by Dr. Petrino and the Clinic as a motion for summary judgment. The Trial Court ruled that the Howards were not entitled to the one-year discovery rule extension because the barbed tip was found within two years of the negligent act. That ruling was in accordance with our decision in *Thompson v. Dunn*, 319 Ark. 6, 889 S.W.2d 31 (1994), where we held the language of the statute limits the one-year extension for foreign-object discovery cases to instances in which the discovery is made outside the two-year period.

### 2. Fraudulent concealment

#### a. Dr. Petrino and the Clinic

■ There is in the common law of this State with respect to tort cases a rule that a statute of limitations will apply when "there was no fraudulent concealment of the cause or extent of the injury." *Burton v. Tribble*, 189 Ark. 58, 70 S.W.2d 503 (1934), citing *Field v. Gazette Publishing Co.*, 187 Ark. 253, 59 S.W.2d 19 (1933). The *Burton* case was decided years before there was a separate statute of limitations for medical negligence. After the applicable three-year tort statute of limitations had run, Ms. Burton alleged that Dr. Tribble had negligently allowed a roll of gauze to remain in her abdomen after performing surgery. There was no direct allegation that the physician knew the gauze remained in her, but the complaint did allege that he had "carelessly and negligently withheld" from Ms. Burton "information or knowledge" of the situation. We held the Trial Court erred in overruling Dr. Tribble's demurrer. Our opinion stated:

> Appellee's acts of leaving the ball of gauze in appellant's abdominal cavity and his failure to apprise appellant thereof were such fraudulent concealments and continuing acts of negligence as toll the statute of limitation until appellee performed his duty of removing the foreign substance or appellant learned or should have learned of its presence.

The implication was that, because a surgeon should know whether he had left an item in the patient, there was no need to allege or prove knowledge or active concealment in order to toll the statute of limitations.

In *Faulkner* v. *Huie,* 205 Ark. 332, 168 S.W.2d 839 (1943), we upheld a demurrer to a complaint which alleged that the extent of an injury did not become known until after the limitations period had run. We distinguished the *Burton* case by describing its holding as follows:

> The court found that the negligent act had been fraudulently concealed from the plaintiff by the doctor, that there was a continuous duty on the part of the doctor to make known what he had done and that there was a daily breach of this duty, and that these fraudulent concealments and continuing acts of negligence tolled the statute until such time as the defendant should remove the foreign body or until the plaintiff knew or should have known of its presence.

Again, the reader was left with an implication that the failure to disclose the presence of a foreign object in the patient's body constituted "fraudulent concealment" regardless of knowledge on the part of the physician.

In *McEntire* v. *Mallow,* 288 Ark. 582, 707 S.W.2d 773 (1986), the plaintiff was severely beaten by the defendant. Silicone implants in her breasts burst, and after the statutory limitation period had run she brought an action for battery for injuries resulting from that situation. Our decision was to the effect that the statute of limitations began to run when the battery occurred rather than later when the extent of injury was learned. We cited the *Faulkner* case and wrote:

> [W]e distinguished the medical malpractice case [*Burton*] in which a foreign object is left in the surgical patient's body, pointing out that a physician has a duty to disclose such misconduct and each day it continues constitutes a "fraudulent concealment." The latter situation is now governed by a statutory limitations exception. Ark. Stat. Ann. § 34-2616 (Supp. 1985)

Ark. Stat. Ann. § 34-2616 is now codified, with some revisions not relevant here, as Ark. Code Ann. § 16-114-203.

In his remarks with respect to the order now before us, the Trial Court concluded from the *obiter dictum* uttered in the *McEntire* case, quoted above, that any time a foreign object is left by a physician in a patient, the only exception to the two-year statute of

limitations is the one year from discovery provision contained in the statute. Not so.

■ The point of the statement in the *McEntire* opinion was that there is no longer a need in foreign-object cases to equate the mere existence of a foreign object in the patient to fraudulent concealment, as there is a specific provision extending the statute of limitations when such an object is discovered after the limitations period has run. The opinion made no statement about an instance in which there is an allegation and, in the summary judgment context, some evidence, to support concealment of the fact that a surgeon has allowed a foreign object to remain in the patient's body with knowledge that it is there.

. ■ In other cases we have held knowledge of the wrong done on the part of the physician is a necessary prerequisite to a tolling of the statute. *Williamson* v. *Edmondson & Ward*, 257 Ark. 837, 520 S.W.2d 260 (1975); *Crossett Health Center* v. *Croswell*, 221 Ark. 874, 256 S.W.2d 548 (1953).

Our current medical malpractice statute of limitations appeared in Act 709 of 1979 and included this language which remains in § 16-114-203 (b): "The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time." A general provision found in § 16-114-202 states that the Medical Malpractice Act "shall supersede any inconsistent provision of law." Dr. Petrino and the Clinic contend these statements obviate the common-law exception for fraudulent concealment. We hold they do not.

To begin, we have referred to the fraudulent-concealment exception in several instances since the enactment of Act 709. *See, e.g., Norris* v. *Bakker*, 320 Ark. 629, 889 S.W.2d 70 (1995); *Ford's, Inc.* v. *Russell Brown & Co.*, 299 Ark. 426, 773 S.W.2d 90 (1989); *Treat* v. *Kreutzer*, 290 Ark. 532, 720 S.W.2d 716 (1986); *Jones* v. *Central Arkansas Radiation Therapy Inst., Inc.*, 270 Ark. 988, 607 S.W.2d 334 (1980) (referring to post-1979 cases concerning professional negligence of attorneys and physicians).

■ *Norris* v. *Bakker, supra,* bears some discussion here. A dentist was alleged to have touched the plaintiff's breasts using the pretext of necessity for a lymph node examination. The complaint was filed after the two-year medical malpractice statute of limitations had run as had the three-year tort claim statute of limitations.

Ark. Code Ann. § 16-56-105 (Supp. 1995). We discussed the fraudulent concealment exception but declined to apply it because the plaintiff knew the act had occurred and the defendant did nothing to prevent her from learning of its wrongfulness. We cited this language from *Wilson v. General Elec. Cap. Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992):

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

In the case now before us there is an allegation of an act perpetrated in a way that it conceals itself. We have a defendant who had an obvious professional, positive duty to speak if he knew he had negligently left a foreign object in his patient, we have evidence that he was informed that the foreign object remained in the patient, and we have a plaintiff who could not, if the facts were as stated, have detected the fraud.

While we are sensitive to the language of the statute that the cause of action for medical malpractice accrues "the date of the wrongful act complained of and no other time," it does not preclude this action. The alleged act of concealment is part and parcel of the wrongful act complained of. Until the concealment ends, the wrongful act continues. We cannot imagine that the General Assembly intended to allow physicians to evade responsibility for negligent acts by knowingly concealing them from their patients until after the statute of limitations had run.

It was error to grant summary judgment in favor of Dr. Petrino and the Clinic.

### b. Dr. Sandefur

In a supplement to her motion for summary judgment Dr. Sandefur submitted an affidavit in which she stated her "findings" were telephoned to Dr. Petrino's office. The radiological report she thereafter dictated stated that the barbed tip of the Kopan needle

was not seen in the specimen. She also stated it was the practice of the hospital in which the report was filed to mail a copy to the treating physician. She said she did not see the patient after her insertion of the needle, and as far as she knew Ms. Howard left the hospital where Dr. Sandefur performed the insertion procedure and did not return.

■ Although their complaint alleged Dr. Sandefur was negligent in her failure to ascertain the presence of the barbed tip of the Kopan needle in Ms. Howard's breast, they have given us nothing in the way of law or facts in support of their allegation that she had a duty to do so in the circumstances presented. At any rate, the two-year statute of limitations had run by the time the Howards filed their complaint against Dr. Sandefur. The Howards have presented no proof to counter Dr. Sandefur's affidavit in which she presents facts tending to show she did nothing to conceal the fact that the foreign object remained in Ms. Howard's breast.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Ark. R. Civ. P. 56(e). *See Dillard* v. *Resolution Trust Corp.,* 308 Ark. 357, 824 S.W.2d 387 (1992); *Pruitt* v. *Cargill, Inc.,* 284 Ark. 474, 683 S.W.2d 906 (1985).

The judgment in favor of Dr. Sandefur is affirmed. The judgment in favor of Dr. Petrino and the Clinic is reversed and remanded for further proceedings.

GLAZE, J., dissents in part.

DUDLEY, J., not participating.

TOM GLAZE, Justice, dissenting in part. I disagree with that part of the majority opinion that holds the medical malpractice statute of limitations, Ark. Code Ann. § 16-114-203 (Supp. 1995), bars Dorothy L. Howard's negligence action. Section 16-114-203 provides as follows:

> (a) Except as otherwise provided in this section, all

actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

(b) The date of the accrual the cause of action shall be the date of the wrongful act complained of and no other time. However, where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such period, the action may be commenced within one (1) year from the date of the discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.

By its enactment of § 16-114-203(b),[1] the General Assembly provided a foreign object exception to the general two-year statute of limitations for medical malpractice actions. Until provision (b) was enacted, a patient injured by a physician or medical provider had to bring his or her malpractice action within two years of the wrongful act and at no other time. With the foreign object exception, the General Assembly authorized a patient, injured by a medical provider leaving a foreign object in the patient's body, one full year to bring suit from the date the object was discovered or reasonably should have been discovered. In other words, even if five years or ten years had passed before the foreign object was found, the injured person would have a full year to file suit. Clearly, the purpose of this legislation was to *extend* the time for filing suit for those injured patients who had foreign objects left hidden in their body after some type of intrusive procedure.

The appellees here argue the two-year limitation should still apply in some instances when foreign objects are involved. They lay emphasis on the wording in provision (b), by underscoring the second sentence as follows:

However, where the action is based upon *the discovery of a foreign object* in the body of the injured person *which is not discovered and could not have reasonably have been discovered within such two-year period*, . . .

They reason that the above language infers Mrs. Howard's medical

---

[1] Act 709 of 1979 was the first enactment providing a foreign object exception to the two-year medical malpractice statute of limitations.

negligence action is barred because she discovered the foreign object, or barbed tip, in her breast, within the two-year limitation period. Therefore, appellees assert the two-year, rather than the one-year, limitation period applies. While one can certainly read the literal words out of context to apply the two-year limitation in this manner, absurd results can and will occur. Such a reading, in my view, completely aborts the legislative purpose of § 16-114-203(b). The rule of law is well settled that, although the plain language of a statute is often controlling, it is impermissible to follow a literal reading that engenders absurd consequences where there is an alternative interpretation that reasonably effects the statute's purpose. *Ashley, Drew & Northern Ry. Co.* v. *United Transp. U.,* 625 F.2d 1357 (8th Cir. 1980).

As Mrs. Howard points out, under the appellees' construction of § 16-114-203(b), if the barbed tip had been discovered one year and 364 days after the alleged medical negligence, she would have had only one day to commence her action. Even an injured person discovering a foreign object a month or more before the two-year period ended would be effectively precluded from filing a suit that would pass ARCP 11 muster, especially considering the complexity of the subject matter and the research and preparation required in filing such an action. The only interpretation of § 16-114-203(b) that makes sense is to apply its one-year limitation provision to all cases involving foreign objects. Otherwise, situations can and will arise under provision (b) where injured patients with foreign objects hidden in them will continue to be barred by the more restrictive two-year limitation provision. As discussed above, that runs counter to the purpose of the one-year hidden foreign object exception granting such injured patients more time to file suit.

I recognize this court's decision in *Thompson* v. *Dunn,* 319 Ark. 6, 889 S.W.2d 31 (1994), supports appellees' interpretation of § 16-114-203 (b), but with all due respect, that decision is clearly wrong, and we should say so now. It is no answer to place the burden on the General Assembly to correct this court's mistake in statutory interpretation — it is this court's responsibility to do so. In sum, this court's opinion and result reached in *Thompson* encourages a medical provider's tendency to withhold and conceal medical negligence until the strict two-year limitation bars that wrongful act. Provision (b) is remedial in nature and should be given an interpretation that would allow medically injured patients a reasonable time to file suit

after they discover the foreign object negligently left in them. Any other construction of the statutory law merely licenses and protects medical malpractice.