Jim GIBSON *v.* Jim HERRING, d/b/a The Gem Shop

CA 98-181                               975 S.W.2d 860

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 7, 1998

[Petition for rehearing denied November 11, 1998.]

*Matthews, Sanders, & Sayes,* by: *Margaret M. Newton* and *Mel Sayes,* for appellant.

*Clifton H. Hoofman* and *Pike & Bliss,* by: *George E. Pike, Jr.* and *Deborah Pike Bliss,* for appellees.

OLLY NEAL, Judge. Appellant Jim Gibson appeals from an order granting summary judgment in favor of appellee Jim Herring, d/b/a The Gem Shop. We reverse and remand.

Appellant filed suit against appellee on March 18, 1997. He alleged that he entrusted appellee with a loose diamond over two carats in size for mounting in a ring. Several years later, appellant had the ring appraised and was told that its stone was not a diamond, but glass. The complaint charged that appellee had either lost the diamond through lack of ordinary care or had deceitfully and fraudulently switched the diamond for a glass stone. Compensatory damages of $12,000 and punitive damages of $50,000 were sought.

In July 1997, appellee filed a motion for summary judgment on the ground that appellant's cause of action was barred by the three-year statute of limitations contained in Ark. Code Ann. § 16-56-105 (1987). Attached to the motion were appellant's answers to interrogatories and a page from appellant's deposition. These exhibits revealed that appellant found the loose stone in the winter of 1992. A verbal appraisal was obtained in Memphis at that time, but the exhibits do not reveal the outcome of the appraisal. Appellant took the stone to appellee for mounting

shortly thereafter and retrieved the ring two weeks later. In the brief in support of his motion, appellee argued that, in order to be timely, appellant's complaint should have been filed in the winter of 1995, that is, within three years of the time appellant picked up the ring from appellee.

In response to the motion, appellant argued that appellee's fraudulent concealment tolled the statute of limitations. Appellant attached to his response several pages from his deposition. Therein, he stated that he found the stone on the floor of a casino and put it in his pocket. He did not notify the casino management. Later, but still during the winter of 1992, he took the stone to appellee. On September 24, 1996, appellant and his wife had the stone appraised by East Coast Estate Buyers. The appraiser informed them that the stone was a cubic zirconium. The same day, appellant took the ring to Lloyd Stanley Jewelry for appraisal, and it was confirmed that the stone was a cubic zirconium. Thereafter, appellant and his wife went directly to appellee's place of business and asked him to appraise the ring. Appellee became excited, lost his composure, and said he knew nothing about the ring.

After a hearing, the trial court granted appellee's motion. In the judgment incorporating his ruling, the judge found:

> [T]he Court finds that Plaintiff, Jim Gibson, has not presented any evidence in support of his allegation that Defendant, Jim Herring, took any affirmative actions of concealment sufficient to cause a tolling of the three-year statute of limitations. Since the alleged wrongful conduct occurred in 1992 and this litigation was not filed until August 7, 1997, [sic] all causes of action contained in the Complaint are barred by the three-year statute of limitations set forth in Ark. Code Ann. § 16-56-105.

It is this order that appellant challenges on appeal.

■ The statute of limitations for fraud, negligence, and all tort actions not otherwise limited by law, is three years. *See Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996); *Orsini v. Larry Moyer Trucking, Inc.*, 310 Ark. 179, 833 S.W.2d 366 (1992); *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997), respectively. The limitations period begins to run, in the absence of

concealment of the wrong, when the wrong occurs, not when it is discovered. *Hampton v. Taylor,* 318 Ark. 771, 887 S.W.2d 535 (1994). However, when there have been affirmative acts of concealment, the statute begins to run at the time the cause of action is discovered or should have been discovered by reasonable diligence. *O'Mara v. Dykema, supra.* Mere ignorance on the part of the plaintiff of his rights or the mere silence of one who is under no obligation to speak will not toll the statute. *Wilson v. General Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 841 S.W.2d 619 (1992). There must be some positive act of fraud, something so furtively planned and secretly executed as to keep plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Id.*

■ ■ Appellant argues that summary judgment was erroneously granted in this case because genuine issues of material fact exist as to whether the limitations period was tolled by fraudulent concealment. Summary judgment is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented in support of the motion leave a material question of fact unanswered. *Id.* The evidence is viewed in a light most favorable to the party against whom the motion was filed, with all doubts and inferences resolved against the moving party. *Id.* Although the existence of fraudulent concealment is normally a fact question that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law. *Chalmers v. Toyota Motor Sales, USA, Inc.,* 326 Ark. 895, 935 S.W.2d 258 (1996).

■ There is no evidence in the exhibits presented below that appellee made any overt misrepresentations, *see, e.g., Adams v. Arthur, supra; Smothers v. Clouette,* 326 Ark. 1017, 934 S.W.2d 923 (1996), or made an attempt to "cover up" any act he may have committed. *See, e.g., First Pyramid Life Ins. Co. of Am. v. Stoltz,* 311 Ark. 313, 843 S.W.2d 842 (1992), *cert. denied,* 510 U.S. 908 (1993). However, appellant argues that the act of switching a

cubic zirconium for a diamond is an act of fraud perpetrated in a way that it conceals itself. We agree that genuine issues of material fact remain as to this aspect of fraudulent concealment: Viewing the evidence in the light most favorable to appellant, the alleged act of concealment is part and parcel of the wrongful act complained of. *See Howard v. Northwest Ark. Surgical Clinic, P.A.*, 324 Ark. 375, 921 S.W.2d 596 (1996). An act such as that alleged to have been committed by appellee is so furtive by nature that it tends to exclude suspicion or prevent inquiry. *See generally Scroggin Farms Corp. v. Howell*, 216 Ark. 569, 226 S.W.2d 562 (1950). A cubic zirconium is designed to look like and be mistaken for a true diamond. The only way appellant could have discovered the fraud immediately upon retrieving the ring would be to have hired an expert to examine the stone. One in appellant's position should not be required to go to such lengths. We hold therefore that summary judgment was erroneously granted on the issue of fraudulent concealment.

■ Appellee presents two alternative grounds for affirmance. First, he contends that appellant's deposition was conclusory and filled with hearsay. In particular, he argues that appellant presented no evidence that the object he found was actually a diamond and presented no evidence, other than hearsay, regarding the 1996 appraisals. Secondly, appellee claims that, because appellant wrongfully converted the stone, he was not entitled to seek redress for its loss. We decline to address either ground. In reviewing the propriety of a motion for summary judgment, an appellate court will not affirm a trial court on alternative grounds when those grounds require additional fact-findings. *Schwarz v. Colonial Mortgage Co.*, 326 Ark. 455, 931 S.W.2d 763 (1996). The trial court did not, for example, have the opportunity to hold a hearing regarding the admissibility of the alleged hearsay statements, *see Jones v. Abraham*, 58 Ark. App. 17, 946 S.W.2d 711 (1997), or develop the record regarding whether appellant wrongfully converted the stone. *See generally Simmons First Nat'l Bank v. Wells*, 279 Ark. 204, 650 S.W.2d 236 (1983).

Reversed and remanded.

STROUD and GRIFFEN, JJ., agree.