Thomas F. RANDLES and Lilly K. Randles *v.*
Billy Eugene COLE; Denise Cole; Tex Holt; and
Boomer, Inc., a/k/a Victor's Properties, Inc.

CA 99-239 2 S.W.3d 90

Court of Appeals of Arkansas
Division III
Opinion delivered October 20, 1999

*Harry McDermott*, for appellants.

*Penix & Taylor*, by: *Stephen L. Taylor*, for appellees.

JOHN F. STROUD, JR., Judge. Appellants, Thomas and Lily Randles, sued appellees, Billy and Denise Cole, Tex Holt, and Boomer, Inc., a/k/a Victor Properties, Inc., for fraud and breach of contract after appellants discovered that five acres of property they had purchased from the Coles had been the site of a landfill. Appellee Tex Holt, an employee of appellee Victor Properties, was the real estate agent who represented the Coles and handled the sale of land to the Randles. The Randles purchased the property on August 15, 1994, but did not file a complaint against appellees until more than three years later, on October 10, 1997. The Coles moved for summary judgment contending that the suit was barred by the three-year statute of limitations for fraud. After a brief hearing on November 13, 1998, the circuit judge granted the Coles' motion for summary judgment and subsequently entered a judgment dismissing with prejudice appellants' complaint against all of the appellees. We reverse and remand.

Appellants contend that the circuit court erred in granting the Coles' motion for summary judgment because there was a genuine

issue of material fact regarding when the appellants discovered that the property had been a landfill. We agree.

 The standard we must apply in reviewing a grant of summary judgment is well established:

> The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*; *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998). Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997); *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998). After reviewing undisputed facts, summary judgment should be denied if under the evidence reasonable men might reach different conclusions from the undisputed facts. *See, Leigh Winham, Inc. v. Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983).

*George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 210-11, 987 S.W.2d 710, 712 (1999).

 Moreover, the pertinent legal principles are also well established regarding the application of the statute of limitations. The statute of limitations for fraud and all tort actions not otherwise limited by law is three years. *Hampton v. Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994); *Gibson v. Herring*, 63 Ark. App. 155, 975 S.W.2d 860 (1998). The limitations period begins to run, in the absence of concealment of the wrong, when the wrong occurs, not when it is discovered. *Gibson v. Herring, supra.* However, affirmative acts concealing the cause of action will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997); *Gibson v. Herring,*

*supra.* A plaintiff's ignorance of his rights or the mere silence of one who is under no obligation to speak will not toll the statute. *Gibson v. Herring, supra; Skaggs v. Cullipher,* 57 Ark. App. 50, 941 S.W.2d 443 (1997). There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Wilson v. General Electric Capital Auto Lease, Inc.,* 311 Ark. 84, 841 S.W.2d 619 (1992); *Gibson v. Herring, supra.* Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion a trial court may resolve fact issues as a matter of law. *Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998); *Chalmers v. Toyota Motor Sales, USA, Inc.,* 326 Ark. 895, 935 S.W.2d 258 (1996).

Here, the evidence left room for a reasonable difference of opinion concerning when the limitations period began to run. In their complaint, appellants alleged that appellees committed fraud or constructive fraud on August 15, 1994, when they signed the contract for the sale of the property at issue. Appellants alleged that the appellees' failure to tell them that the property had been a landfill, was not suitable to live on, and did not have potable well water constituted the fraudulent conduct. The three-year statute of limitations bars their complaint unless it did not begin to run on August 15, 1994, but rather began to run on a later date within three years of October 10, 1997, the date the complaint was filed.

Appellants argue that appellees concealed their fraudulent conduct when they continuously refused to comply with the following provision of the contract pursuant to which appellants purchased the land: "It shall be the duty of SELLERS to present to BUYERS any pertinent information which comes into their possession in regard [to] pertinent documents which relate to this transaction." Appellants note that one of the documents pertinent to the transaction was a disclosure form in which appellees Billy and Denise Cole stated that there were not any landfills, hazardous wastes, or other substances on the property. The Coles executed this form in June 1994. Although the Coles maintained that appellants had not received a copy of this disclosure form by the closing date of August 15, 1994, their real estate agent Tex Holt stated in a deposition that he had given appellants a copy of the disclosure form, which amounted to a disputed question of fact. Delivery of a false disclo-

sure form would be a positive act of fraud sufficient to toll the statute of limitations until the appellants learned or should have learned that the site had been used as a landfill.

Moreover, the Coles based their motion for summary judgment, in part, on certain statements that appellant Thomas Randles made in his October 8, 1998, deposition. The Coles noted three statements that Mr. Randles made in his deposition that established late September or early October 1994 as the time when the Randles discovered that the property had been used as a landfill. First, the Coles noted that Mr. Randles admitted that sometime toward the end of September 1994 his brother and a man who had bush-hogged the property told him that it was covered with glass, glass bottles, and trash bags. Second, Mr. Randles admitted that by the end of September 1994 he had seen that there were glass, glass bottles, and "junk all over the land." Finally, he admitted that by mid-September 1994 he noticed that a pig he had penned on the land developed a bloody snout after rooting inside its pen. Mr. Randles stated that the pig's bloody snout caused him to inspect the ground inside the pen and that he discovered that the pig had rooted up broken glass, glass bottles, and other trash. The Coles argued in their summary-judgment motion that Mr. Randles's admissions proved that by late September 1994 the Randles should have known the property had been used as a landfill.

However, on October 20, 1998, Mr. Randles signed an affidavit in which he stated that he had been on prescribed medication when he gave his deposition and therefore was not thinking clearly and had made several mistakes in his testimony. In his affidavit Mr. Randles stated that it was not until mid-October 1994 that his brother told him that he and two other men who had been hired to clear the land had hauled a great deal of broken glass and many trash bags off the land. He stated that he moved onto the property on August 30, 1994, after release from the hospital following a heart attack. He further stated that he stayed inside the mobile home until September 28, 1994, when he went outside for the first time. Mr. Randles also stated that in October 1994 he noticed a lot of trash on the land, but that he did not suspect it had been used as a landfill until after the pig developed a bloody snout. He stated further that he did not put the pig in the pen until, at the earliest, the third week in October 1994 and that for several weeks thereafter he discovered that no matter how many times he would clean

the pig's pen, the pig would root up more trash. He stated that it was at this time he began to suspect the trash was not just on top of the ground but was "inside the land itself" and that his suspicion was confirmed when his neighbor told him, on or about Halloween 1994, that the land had been an open garbage dump for many years.

In its order granting the Coles' motion for summary judgment, the circuit court did not set forth a date certain upon which the limitations period began to run. The circuit judge stated from the bench, however, that appellants were on notice by late September 1994 that their property had been used as a landfill. Reviewing the evidence in the light most favorable to the appellants, as the non-moving parties, and resolving all doubts and inferences against the appellees, as the moving parties, we conclude that the circuit court erred in granting the Coles' motion for summary judgment because there were questions of fact regarding whether or when the disclosure form was delivered to the appellants and, given Mr. Randles's statements in his affidavit, reasonable men might reach different conclusions regarding when the Randles discovered that their property had been used as a landfill.

Appellants also contend that the circuit court erred in determining that there was no genuine issue of material fact regarding whether their complaint stated a cause of action for breach of contract. We need not address this issue because we assume that the circuit court will revisit that matter based upon testimony presented at the trial on remand.

For the reasons set forth above, we reverse the circuit court's order granting the Coles' motion for summary judgment and remand for trial.

Reversed and remanded.

HART and NEAL, JJ., agree.