Thomas and Lilly RANDLES *v.*
Billy and Denise COLE

CA 01-1125                                          96 S.W.3d 768

Court of Appeals of Arkansas
Division IV
Opinion delivered January 29, 2003

*Harry McDermott*, for appellants/cross–appellees.

*Penix & Taylor*, by: *Stephen L. Taylor*, for appellees/cross–appellants.

JOHN F. STROUD, JR., Chief Judge. This is a second appeal arising from a suit filed by appellants, Thomas and Lilly K. Randles, seeking damages for fraud, deceit, and breach of contract in the purchase of property from appellees, Billy and Denise Cole, after appellants discovered that the property had been used as a landfill. *Randles v. Cole*, 68 Ark. App. 7, 2 S.W.3d 90 (1999).

In the first appeal, we reversed and remanded the trial court's grant of summary judgment, finding that there were genuine questions of material fact as to when appellants discovered that the property had been a landfill. *Id.* On remand, the jury returned a verdict on ten interrogatories. The trial court, finding that the jury's answers to the interrogatories were conflicting, set aside the jury's verdict and ordered a new trial. On direct appeal appellants argue that the trial court erred in not resolving any conflict in the evidence in favor of the jury's answers to the interrogatories and that there was substantial evidence to support the jury's findings. By cross-appeal, appellees raise three points concerning the denial of their motion for judgment notwithstanding the verdict. We reverse on direct appeal and affirm on cross-appeal.

After this court remanded the case, a jury trial was held on January 11 and 12, 2001. There was no dispute that the property involved was once the City of Cave Springs' landfill. On July 18, 1994, appellants signed an "Offer and Acceptance" agreeing to purchase the subject property from appellees, and appellees accepted the offer on the same day. The purchase price was $30,000, with appellants to pay $8,000 as a down payment and to secure a bank loan for the remaining $22,000. The Offer and Acceptance also contained the following disclosure requirement:

> 17. SELLER DISCLOSURE:
>
> . . . .
>
> C. Seller will provide to Buyer a disclosure about the condition of the Property which will contain information that is true and correct to the best of the Seller's knowledge. The disclosure will be presented to Buyer within three (3) business days of acceptance of this offer. Buyer has three (3) business days after receipt of disclosure to accept or reject said disclosure. If Seller fails to provide the disclosure in a timely manner, or if Buyer finds the disclosure unacceptable within three (3) business days after receipt, this contract may be declared null and void by the Buyer, with Buyer to receive a refund of the earnest money. Receipt of this disclosure neither limits nor restricts in any way the Buyer's Disclaimer of Reliance set forth in Paragraph 15 of this contract.

On August 15, 1994, the parties signed a "Contract for Sale of Real Estate and Escrow Agreement." The purchase price again was $30,000, but with $10,000 as a down payment by appellants and the remaining $20,000 to be paid in equal monthly installments including interest. Appellees were to deliver a warranty deed in escrow to Simmons First Bank as escrow agent. Upon payment of all sums due, the escrow agent was to deliver the warranty deed to appellants.

The main issue tried was the date when the appellants should have discovered that the property had been used as a landfill, and the evidence was sharply conflicting. The case was submitted to the jury on ten interrogatories. The jury answered as follows:

> INTERROGATORY No. 1: Do you find from a preponderance of the evidence that Denise and Eugene Cole committed a breach of contract with respect to the sale of their property to Tommy and Kathy Randles?   ANSWER: Yes

> INTERROGATORY No. 2: Do you find from a preponderance of the evidence that Denise Cole committed deceit with respect to the sale of her property to Tommy and Kathy Randles?   ANSWER: Yes

> INTERROGATORY No. 3: Do you find from a preponderance of the evidence that Eugene Cole committed deceit with respect to the sale of his property to Tommy and Kathy Randles?   ANSWER: Yes

> INTERROGATORY No. 4: Do you find from a preponderance of the evidence that Kathy and Tommy Randles, acting at all times with due diligence, *should not* have discovered or *did not* discover the existence of a possible lawsuit against Denise and Eugene Cole for deceit until after October 10, 1994 [the date appellants filed their complaint]?   ANSWER: Yes

> If you answered interrogatory number 1 "Yes," and answered either interrogatories number 2 or 3 "Yes," and you answered interrogatory 4 "Yes," then you are required to answer interrogatory number 5.

> INTERROGATORY No. 5: State the amount of damages sustained by Kathy and Tommy Randles which you find from a preponderance of the evidence were proximately caused by a breach of contract and/or deceit.   ANSWER: $30,000

If you answered interrogatory number 1 "Yes," but answered interrogatory number 4 "No," then you are required to answer interrogatory number 6.

INTERROGATORY NO. 6: State the amount of damages sustained by Kathy and Tommy Randles which you find from the preponderance of the evidence were proximately caused by the breach of contract.     ANSWER: $0   Not Applicable

INTERROGATORY NO. 7: If your answer was "yes" to interrogatory number 2 and you answered interrogatory 4 "Yes," state the amount of punitive damages, if any, which you find from the preponderance of the evidence should be awarded against Denise Cole.     ANSWER: $0

INTERROGATORY NO. 8: If your answer was "yes" to interrogatory number 3 and you answered interrogatory 4 "Yes," state the amount of punitive damages, if any, which you find from the preponderance of the evidence should be awarded against Eugene Cole.     ANSWER: $0

INTERROGATORY NO. 9: Do you find from a preponderance of the evidence that the Seller Property Condition Disclosure form was ever given to plaintiffs Tommy and Kathy Randles on or before August 15, 1994 [the date of closing]?     ANSWER: No

INTERROGATORY NO. 10: Do you find from a preponderance of the evidence that defendants Billy Eugene and Denise Cole took any action after August 15, 1994, to conceal from plaintiffs the condition of the property they sold to plaintiffs?     ANSWER: No

(Emphasis in original.)

Appellees filed a motion for judgment notwithstanding the verdict on February 9, 2001, prior to judgment being entered. Based on the jury's answers to Interrogatories No. 9 and No. 10, the motion sought to renew appellees' motion for summary judgment alleging that the statute of limitations had run. The motion further alleged that the jury's answers to Interrogatories Nos. 1, 2, and 3 were inconsistent with the answer in Interrogatory No. 9. The motion asked that the trial court reconcile the inconsistencies in favor of the jury's answer to Interrogatory No. 9 and enter judgment in appellees' favor, finding that appellees neither breached the contract nor committed fraud or deceit. The trial

court entered a judgment containing the jury's answers to the interrogatories and set aside that verdict on the ground that the answers were conflicting and ordered a new trial. This appeal followed.

*Direct Appeal*

For their first point on appeal, appellants argue that the trial court erred in not resolving the conflicting evidence in favor of the jury's verdict. Essentially, they argue that, because there was substantial evidence to support the verdict, the trial court should not have granted a new trial. We agree.

██ ██ Rule 59(e) of the Arkansas Rules of Civil Procedure permits a trial court to grant a new trial on its own motion on any ground on which it might grant a party's motion for a new trial, such as the verdict being clearly contrary to the preponderance of the evidence or contrary to law. *See* Ark. R. Civ. P. 59(a)(6). In reviewing a trial court's granting of a motion for new trial, this court determines whether the trial court abused its discretion; a showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Lloyd's of London v. Warren,* 66 Ark. App. 370, 990 S.W.2d 589 (1999). Abuse of discretion in granting a new trial means a discretion improvidently exercised, *i.e.,* exercised without due consideration. *Razorback Cab of Fort Smith, Inc. v. Martin,* 313 Ark. 445, 856 S.W.2d 2 (1993).

██ The trial court found, without further elaboration, that the jury's answers to the interrogatories were conflicting. The verdicts should not be set aside if the jury's intentions were capable of ascertainment with certainty. *Russell v. Pryor,* 264 Ark. 45, 568 S.W.2d 918 (1978). The ultimate test of inconsistency is whether the conflict is such that one answer would require a verdict for the plaintiffs and the other a verdict for the defendants. *Id.* at 53, 568 S.W.2d at 922.

██ ██ We hold that the separate answers to interrogatories rendered by the jury are not conflicting. The jury's answers to Interrogatories Nos. 2 and 3 find that the sellers committed deceit with respect to the sale of the property to buyers, and their answer

to Interrogatory No. 9 finds that the sellers did not give the Seller Property Condition Disclosure to the buyers before or at the closing on August 15, 1994. The jury's answer to Interrogatory No. 10 is a finding that the sellers took no steps after the closing to conceal the deceit, which was obviously the failure to disclose that the land had been used as a landfill. It was not necessary that the sellers take further deceitful action, because the jury found in Interrogatory No. 4 that the buyers, acting with reasonable diligence, did not discover or reasonably should not have discovered the deceit until after October 10, 1994. In the first appeal, we held that affirmative acts concealing the cause of action such as not providing the disclosure form will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence. *Randles v. Cole, supra.* The statute of limitations was thereby tolled until appellants discovered the fraud, which was a date after October 10, 1994. Appellant's complaint was filed on October 10, 1997, within three years of their discovery of the fraud. Under these circumstances, we are persuaded that setting aside the jury verdict constituted an abuse of discretion.

We reverse and remand for reinstatement of the jury's verdict. In light of our disposition on appellants' first point, we need not consider the remaining points on direct appeal.

### Cross-Appeal

Appellees raise three issues on cross-appeal regarding the trial court's failure to grant their motion for judgment notwithstanding the verdict.[1] Specifically, appellees argue that the trial court erred in not granting their motion because the appellants' claim was barred by the statute of limitations; that the trial court erred in not granting their motion and finding that appellees did not breach the contract; and that the trial court erred in not granting their motion and finding that appellees did not commit fraud or deceit

---

[1] As noted above, appellees filed their motion for judgment notwithstanding the verdict prior to the entry of judgment. Arkansas Rule of Civil Procedure 50(b)(2) specifically allows for such early filing of the motion and treats any such filing as effective on the day after the judgment is entered.

in the sale of this property. We do not address the issues on cross-appeal because they are not properly preserved due to appellees' failure to move for a directed verdict at the close of all of the proof.[2]

■ Arkansas Rule of Civil Procedure 50(b)(1) provides: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." While a motion for judgment notwithstanding the verdict also allows the court to consider all other questions of law raised, *Willson Safety Products v. Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990), the motion for directed verdict at the close of all of the evidence is still a precondition under Rule 50(b) for making the motion for judgment notwithstanding the verdict. *Pennington v. Rhodes*, 55 Ark. App. 42, 929 S.W.2d 169 (1996). A motion for judgment notwithstanding the verdict is technically only a renewal of the motion for directed verdict made at the close of the evidence. *Wheeler Motor Co. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993); *Dodson Creek, Inc. v. Fred Walton Realty Co.*, 2 Ark. App. 128, 620 S.W.2d 947 (1981).

Reversed and remanded on direct appeal; affirmed on cross-appeal.

HART and GRIFFEN, JJ., agree.

---

[2] The abstract shows that appellees made a general motion for directed verdict at the close of appellants' proof, which was denied. No motion for directed verdict was made at the close of all the proof.